UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NEW YORK CITY & VICINITY
DISTRICT COUNCIL OF CARPENTERS,

                Petitioner,

      -v-                                        PETITION TO CONFIRM
                                                  ARBITRATION AWARD

PLAZA CONSTRUCTION GROUP, INC.,

                Respondent.
-----------------------------------------------------------X

        Petitioner, New York City & Vicinity District Council of Carpenters, by its counsel Spivak Lipton LLP, respectfully alleges:

## PARTIES

        1.     Petitioner, New York City & Vicinity District Council of Carpenters ("District Council" or "Union"), is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). The District Council maintains its office at 395 Hudson Street, New York, New York.

        2.     Respondent, Plaza Construction Group, Inc., ("Plaza" or "Employer"), is licensed to do business in the state of New York. The Respondent is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. § 152(2).

## JURISDICTION

        3.     This is an action to confirm an arbitration award rendered by Arbitrator Richard Adelman in favor of the District Council. Jurisdiction of this court is invoked pursuant to

Section 301(a) of the LMRA, 29 U.S.C. § 185(c), and Section 9 of the United States Arbitration Act, 9 U.S.C. § 9.

## VENUE

4. Venue is proper in this judicial district pursuant to LMRA Sections 301(a), (c), 29 U.S.C. §§ 185 (a), (c) and 28 U.S.C. § 1391. This is the United States court in and for the judicial district in which Respondent has designated for service of process and Petitioner is engaged in representing members.

## FINALITY OF THE ARBITRATION AWARD

5. At all relevant times, Plaza and the District Council were bound by a collective bargaining agreement ("CBA") covering work performed for the New York City School Construction Authority ("SCA").

6. The CBA provides for final and binding arbitration of disputes that arise between the parties and names Richard Adelman as one of two arbitrators to hear such disputes

7. Disputes arose between the parties regarding Plaza's violation of the CBA by performing work at P.S. 216 without a Shop Steward and without using the Union's hiring hall, and failing to pay benefits contributions for work performed by Carpenter Juan Ruiz-Herrara at P.S. 114 and P.S. 269.

8.      The disputes not having been resolved at the grievance steps, the District Council submitted a demand for arbitration to Plaza. The arbitration demand is attached hereto as Exhibit A. Arbitrator Adelman sent a Notice of Hearing advising Respondent that a hearing would be held on June 15, 2015. A true and correct copy of Arbitrator Adelman's Notice of Hearing is attached hereto as Exhibit B.

9.      At the hearing on June 15, 2015, the Employer acknowledged it violated the CBA. The parties agreed that the matters would be settled with the Employer paying Carpenter Carlos Cruz $399.04 in wages, paying the New York City District Council of Carpenters Benefits Funds ("Funds") $356.48 on behalf of Mr. Cruz, and paying the Funds $11,728.73 on behalf of Mr. Herrara. The parties agreed that if the Employer did not make these payments by July 3, 2015, the Arbitrator would issue an award ordering Plaza to pay the amounts stated. Attached hereto as Exhibit C is the sign in sheet for the June 15, 2015 arbitration hearing.

10.     Plaza failed to make any of the required payments by July 3, 2015. The Union so advised Arbitration Adelman and on August 10, 2015, the Arbitrator issued his opinion and award ordering Plaza to make the aforementioned payments and pay $500 as the Employer's contractual share of the Arbitrator's fee (the "Award"). The Arbitrator sent a copy of the Award directly to Respondent. A true and correct copy of the Award is attached hereto as Exhibit D.

11.     By letter dated September 15, 2015, the Union's attorney demanded payment pursuant to the Award. The letter also advised Plaza that failure to pay could result in the Union seeking interest and all attorneys' fees and costs associated with enforcement of the Award. The demand letter with proof of delivery to Respondent is attached hereto as Exhibit E.

12.     The Award has not been vacated or modified by any order of any Court of competent jurisdiction and it is still in full force and effect.

13.     To date, Respondent has failed to satisfy any of its obligations pursuant to the Award. Judgment on the Award is therefore necessary to permit the District Council to enforce the Award.

PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests an Order and Judgment granting the following relief:

(i) confirming the Arbitration Award of Richard Adelman in its entirety;

(ii) directing Respondent to pay wages totaling $399.04 (less statutory deductions) to Carlos Cruz.

(iii) directing Respondent to pay $356.48 to the Funds on behalf of Mr. Cruz and $11,728.73 on behalf of Juan Ruiz-Herrara.

(iv) directing Respondent to pay $500 to the District Council as the Employer's portion of the Arbitrator's fee;

(v) directing judgment to be entered thereon;

(vi)   allowing 9% pre-judgment interest pursuant to New York Civil Practice Law and Rules Sections 5001 and 5004;

(vii)  allowing to Petitioner all fees, costs and disbursements associated with this proceeding and the enforcement of the Award; and

(viii) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 12, 2016

SPIVAK LIPTON LLP
Counsel for Petitioner New York City & Vicinity District Council of Carpenters
1700 Broadway, 21st Floor
New York, NY  10019
(212) 765-2100

By: *Lydia Sigelakis*
Lydia Sigelakis (LS 4995)