USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                                  :
NEW YORK CITY & VICINITY DISTRICT  :
COUNCIL OF CARPENTERS,                     :
                                                                  :        1:16-cv-1115-GHW
                                       Petitioner,  :        MEMORANDUM OPINION
                                                                    :                 AND ORDER
                   -against-              :
PLAZA CONSTRUCTION GROUP, INC.,  :
                                       Respondent.  :
-------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       On June 29, 2016, this Court confirmed the arbitration award in favor of New York City & Vicinity District Council of Carpenters ("Petitioner") pursuant to Section 301 of the Labor Management Relations Act ("LMRA") and directed Petitioner to submit any application for fees and costs no later than July 18, 2016. Petitioner filed an application for fees and costs on July 1, 2016. The Court now finds that these requested fees and costs are reasonable.

### I.    DISCUSSION

#### A. Fees for Confirmation of Arbitration Awards

       Attorney's fees are not generally recoverable "in the absence of statutory authority for the award," and the LMRA "does not provide for the recovery of attorney's fees." *New York City Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, No. 08-cv-9061-RJS, 2009 WL 256009, at *2 (S.D.N.Y. Feb. 03, 2009) (quoting *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). Courts may, however, exercise their inherent equitable powers to award attorney's fees "when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Int'l Chem. Workers Union*, 774 F.3d at 47). In proceedings to confirm arbitration awards, "the guiding principle has been stated as follows: when a

challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (citing *Int'l Chem. Workers Union*, 774 F.3d at 47).

Here, Plaza Construction Group, Inc. ("Respondent"), "has failed to appear or in any way defend this confirmation action, and thus it is axiomatic that [Respondent] has offered no justification for its failure to abide by the [a]ward." *Id.* at *3.  Moreover, Petitioner is entitled to reasonable fees and costs under its collective bargaining agreement ("CBA"), which provides that "[u]pon confirmation of the arbitrator's award, the prevailing party shall . . . be entitled to receive all court costs . . . as well as reasonable counsel fees."  Sigelakis Decl. Ex. 3, ECF No. 14-3 at 34.

While "[t]he district court retains discretion to determine . . . what constitutes a reasonable fee," it is bound by certain procedural requirements and must, absent extraordinary circumstances, begin its assessment of the requested fees by calculating the lodestar. *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)). The lodestar is the product of a reasonable hourly rate for the attorney's work and the reasonable number of hours of work required by the case.  *Id.*  While the lodestar establishes a presumptively reasonable fee, the lodestar calculation is not "conclusive in all circumstances."  *Id.* at 167 (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)).  A district court may adjust the lodestar in situations in which it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Id.* at 167 (citation omitted).

### B.  Reasonable Hourly Rates

Petitioner requests $250 per hour for the work performed by its counsel, Lydia Sigelakis, a partner at Spivak Lipton LLP.  Since 2012, this has been the hourly rate that Spivak Lipton charges Petitioner for similar matters.  Second Sigelakis Decl. ECF No. 21 at 2.  Ms. Sigelakis is a graduate of Fordham Law School and "[her] practice has been devoted almost exclusively to the representation of labor unions and employee benefit plans" for the past ten years.  *Id.* at 1.

"A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'" *Watkins v. Smith*, No. 12-cv-4635-DLC, 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) (citing *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 289-90 (2d Cir. 2011)). "In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases." *Id.* (citing, *K.L. v. Warwick Valley Cent. Sch. Dist.*, No. 12-cv- 6313-DLC, 2013 WL 4766339, at *7 (S.D.N.Y. Sept. 5, 2013), *aff'd*, 584 F. App'x 17 (2d Cir. 2014)). Accordingly, the Court approves Ms. Sigelakis's requested rate of $250 per hour in this case.

### C. Time Reasonably Expended

In order to aid the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded" from the calculation of a reasonable fee. *Id.* (quoting *Hensley*, 461 U.S. at 434).

The time records submitted by Petitioner's counsel are sufficiently detailed and establish that, among other tasks, counsel drafted the petition for confirmation, performed research, and composed a summary judgment filing in 9.2 hours. Second Sigelakis Decl. Ex. A, ECF No. 21-1. The hours logged by Petitioner's counsel are reasonable for the work performed. Accordingly, the Court awards Petitioner $2,300.00 in attorney's fees, calculated by multiplying the hourly rate of $250 by the 9.2 hours worked by counsel.

### D. Costs

Pursuant to the CBA, Petitioner is entitled to recover costs in addition to its reasonable attorney's fees. Sigelakis Decl. Ex. 3, ECF No. 14-3 at 34. Petitioner requests reimbursement for filing fees, service of process fees, charges for delivery of the summons and petition to the process server, and for service of orders and motion papers on Respondent. Second Sigelakis Decl. ECF

No. 21 at 3. Recovery of such costs is routinely permitted. *See, e.g.*, *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc.*, No. 12-cv-1749-LAK-JLC, 2012 WL 3578849, at *5-6 (S.D.N.Y. Aug. 20, 2012) (filing fee and service expenses); *Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Onyx Glass & Metal Corp.*, No. 14-cv-7333-PAE, 2015 WL 5144120, at *3 (S.D.N.Y. Sept. 1, 2015) (filing fees and postage); *New York City Dist. Council of Carpenters v. Ross Sales & Contr. Inc.*, No. 14-cv-04106-RMB-HB, 2015 WL 150923, at *3 (S.D.N.Y. Jan. 5, 2015) (court and service fees).

## II.     CONCLUSION

Petitioner is entitled to $2,300.00 in attorney's fees and $651.21 in costs. The Clerk of Court is directed to enter judgment against Respondent in the amount of $2,951.21, and to terminate the motion pending at docket number 20.

SO ORDERED.

Dated: July 19, 2016  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge